587 A.2d 308

**Sammie WALKER and Valerie Walker, Appellants,**

**v.**

**GENERAL MOTORS CORPORATION, Kutner Buick, Inc., and Jules Kutner Enterprises, Inc.**

Supreme Court of Pennsylvania.

Argued April 6, 1990.

Decided March 20, 1991.

George J. Badey, III, Philadelphia, for appellants.

Francis P. Burns, III, Philadelphia, for GMC.

John A. Orlando, Philadelphia, for Kutner Buick, Inc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

PAPADAKOS, J., files a dissenting opinion in which LARSEN, J., joins.

LARSEN, J., dissents.

PAPADAKOS, Justice, dissenting.

A majority of the court, after oral arguments, has decided to dismiss this discretionary appeal as having been improvidently granted. The Petition for Review was granted limited to the construction of 42 Pa.C.S. § 7101 in the context of this case.

Appellant, Sammie Walker, purchased a used 1980 Buick from Appellees in 1982. Five months later, while driving the car on a rainy day, Appellant failed to negotiate a right-hand curve and struck a tree on the opposite side of the highway. He and his passenger brother were injured in the crash. He brought this action against Appellees alleging a failure of the car's braking system under a strict-liability theory.

While in the hospital emergency room, Appellant gave a statement to an investigating officer in which he stated that he had, "... probably skidded on some wet leaves." A *motion in limine* was made to exclude the statement as barred by the provision of 42 Pa.C.S. § 7101 which provides in pertinent part:

(a) General Rule.—

(1) No person whose interest is or may become adverse to a person injured who is confined to a hospital or sanitarium as a patient shall, within 15 days after the date of the occurrence causing the injury to such patient:

(i) Negotiate or attempt to negotiate a settlement with such patient.

(ii) Obtain or attempt to obtain a general release of liability from such patient.

(iii) Obtain or attempt to obtain any statement, either written or oral, from such patient for use in negotiating a settlement or obtaining a release.

(2) Any settlement agreement entered into, any general release of liability or any written or oral statement made by any person who is confined in a hospital or sanitarium after he incurs a personal injury, which is not obtained in accordance with the provisions of subsection (b) shall not be admissible in evidence in any matter relating to the injury and shall not be utilized for any purpose in any matter in connection therewith.

The trial court admitted the officer's testimony as to Appellant's statement. The trial court reasoned that since the officer was not enumerated as a prohibited person in subparagraph (a)(1)(iii) of the section, and since the statement was not made to be used for negotiating a settlement or obtaining a release, it was admissible in evidence. The Superior Court affirmed, but concluded that the omission of the words, "for use in negotiating a settlement or obtaining a release," in subparagraph (2) was a mere legislative oversight and construed the legislature's intention to prevent overreaching by insurance adjustors only.

The meaning of the two sections seems plain enough and needs no statutory construction to determine the legislative intent. Each subsection sets forth a general rule. Subsection (a)(1) prohibits *persons* with an adverse interest from negotiating, obtaining releases or taking oral or written statements. Subsection (a)(2) prohibits use of any *statement* taken from an injured person except those taken in accordance with the provision of the act (not here at issue).

I find no ambiguity or inconsistency in or between the two subsections and the intent of the General Assembly from the plain wording makes Appellant's statement inadmissible. I therefor dissent.

LARSEN, J., joins this dissenting opinion.